1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
9            SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  UNITED STATES OF AMERICA, | ) Case No. 20CR0610-BAS |
| 12                    Plaintiff, | ) |
| 13  v. | ) **CONSENT TO RULE 11 PLEA IN A FELONY CASE BEFORE UNITED STATES MAGISTRATE JUDGE** |
| 14  RICARDO BAEZ-DAVILA, | ) |
| 15                    Defendant. | ) |
| 16 | ) |

17        I have been advised by my attorney and by the United States Magistrate Judge

18  of my right to enter my plea in this case before a United States District Judge. I

19  hereby declare my intention to enter a plea of guilty in the above case, and I request

20  and consent to have my plea taken by a United States Magistrate Judge pursuant to

21  Rule 11 of the Federal Rules of Criminal Procedure.

22        I understand that if my plea of guilty is taken by the United States Magistrate

23  Judge, and the Magistrate Judge recommends that the plea be accepted, the assigned

24  United States District Judge will then decide whether to accept or reject any plea

25  agreement I may have with the United States and will adjudicate guilt and impose

26  sentence.

27
28

I further understand that any objections to the Magistrate Judge's findings and recommendation must be filed within 14 days of the entry of my guilty plea.

Dated: 2-26-21

_____
Defendant

Dated: 2/26/2021

Joanna J Martin
_____
Attorney for Defendant

The United States Attorney consents to have the plea in this case taken by a United States Magistrate Judge pursuant to Criminal Local Rule 11.1.

Dated: 02/26/21

Owen Roth
_____
Assistant United States Attorney

ROBERT S. BREWER, JR.
United States Attorney
OWEN ROTH
Assistant U.S. Attorney
New York State Bar No. 4833166
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-7710

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 20-CR-610 BAS |
|---|---|
| Plaintiff, | |
| v. | **PLEA AGREEMENT** |
| RICARDO BAEZ-DAVILA, | |
| Defendant. | |

IT IS HEREBY AGREED between plaintiff, UNITED STATES OF AMERICA, through its counsel, Robert S. Brewer, Jr., United States Attorney, and Owen Roth, Assistant United States Attorney, and Defendant, RICARDO BAEZ-DAVILA, with the advice and consent of Joanna Martin, Federal Defenders of San Diego, Inc., counsel for Defendant, as follows:

//
//
//
//
//
//
//
OR:02/18/2021

Def. Initials

# I

## THE PLEA

A.   THE CHARGE

Defendant agrees to plead guilty to Count One of the Superseding Information charging Defendant as follows:

> On or about January 24, 2020, within the Southern District of California and elsewhere, defendant, RICARDO BAEZ-DAVILA, did knowingly and intentionally possess methamphetamine, a Schedule II Controlled Substance, that was not obtained directly, or pursuant to a valid prescription or order, from a practitioner acting in the course of the practitioner's professional practice, or in a manner otherwise authorized by law; in violation of Title 21, United States Code, Section 844.

In exchange, the Government agrees (1) to dismiss the underlying Information against Defendant when Defendant is sentenced, and (2) to not prosecute Defendant thereafter on such dismissed charge unless Defendant breaches the plea agreement or the guilty plea entered pursuant to this plea agreement is set aside for any reason. If Defendant breaches this agreement or the guilty plea is set aside, section XII below shall apply.

B.   FORFEITURE

Defendant agrees to the administrative and/or civil forfeiture of all properties seized in connection with this case which Defendant agrees are subject to forfeiture to the United States pursuant to 21 U.S.C. § 881. Defendant further waives his right to receive timely notice of administrative forfeiture as set forth in 18 U.S.C. § 983(a) and waives receipt of all notice of forfeiture in this and all other administrative and civil proceedings. Defendant waives and disclaims his interest, if any, in the properties to be forfeited as described above. Defendant further agrees not to contest or to assist any other

19CR

person or entity in contesting the forfeiture of the property seized in connection with this case.

## II

## NATURE OF THE OFFENSE

A.   ELEMENTS EXPLAINED

The offense to which Defendant is pleading guilty has the following elements:

    1.   Defendant possessed methamphetamine; and

    2.   Defendant did so knowingly and intentionally.

B.   ELEMENTS UNDERSTOOD AND ADMITTED – FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1.   At about 1:40 a.m. on January 24, 2020, Defendant entered the United States by driving a grey 2019 Genesis G70 into the San Ysidro, California Port of Entry. Defendant was the driver and sole occupant of the car.

2.   In an inspection of the Genesis G70, CBP Officers found 67 packages with a gross weight of 34.66 kilograms.

3.   At the time Defendant entered the United States, he knew that he was in possession of the methamphetamine.

## III

## PENALTIES

The crime to which Defendant is pleading guilty carries the following penalties:

A.   A maximum term of 1 year in prison;

B.   A minimum $1,000.00 fine;

Def. Initials _____
20-CR_____

C.   A mandatory special assessment of $25.00 per count; and

D.   A maximum 1-year term of supervised release. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release.

E.   Possible ineligibility for certain federal benefits.

**IV**

### DEFENDANT'S WAIVER OF TRIAL RIGHTS
### AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A.   Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.   A speedy and public trial by jury;

C.   The assistance of counsel at all stages of trial;

D.   Confront and cross-examine adverse witnesses;

E.   Testify and present evidence and to have witnesses testify on behalf of defendant; and

E.   Not testify or have any adverse inferences drawn from the failure to testify.

**V**

### DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE
### PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty, Defendant will not be provided this

4

Def. Initials ___

20-CR___

1  information, if any, and Defendant waives any right to this information.

2  Defendant will not attempt to withdraw the guilty plea or file a

3  collateral attack on the existence of this information.

**VI**

**DEFENDANT'S REPRESENTATION THAT GUILTY
PLEA IS KNOWING AND VOLUNTARY**

Defendant represents that:

A.   Defendant has had a full opportunity to discuss all the facts
and circumstances of this case with defense counsel and has a
clear understanding of the charges and the consequences of
this plea. By pleading guilty, defendant may be giving up, and
rendered ineligible to receive, valuable government benefits
and civic rights, such as the right to vote, the right to
possess a firearm, the right to hold office, and the right to
serve on a jury. The conviction in this case may subject
defendant to various collateral consequences, including but
not limited to revocation of probation, parole, or supervised
release in another case; debarment from government
contracting; and suspension or revocation of a professional
license, none of which can serve as grounds to withdraw
defendant's guilty plea;

B.   No one has made any promises or offered any rewards in return
for this guilty plea, other than those contained in this
agreement or otherwise disclosed to the court;

C.   No one has threatened defendant or Defendant's family to
induce this guilty plea; and

F.   Defendant is pleading guilty because Defendant is guilty and
for no other reason.

**VII**

**AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE,
SOUTHERN DISTRICT OF CALIFORNIA**

This plea agreement is limited to the United States Attorney's

Office for the Southern District of California, and cannot bind any

other authorities in any type of matter, although the Government will

bring this plea agreement to the attention of other authorities if

requested by Defendant.

//

5

Def. Initials _____

20-CR_____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

OR
JM

# VIII

## APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a).  In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. ~~Defendant agrees to request that a presentence investigation report be prepared~~. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

# IX

## SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).  The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute.  It is uncertain at this time what Defendant's sentence will be.  The Government has not made and will not make any representation as to what sentence Defendant will receive.  Any estimate of the probable sentence by defense counsel is not a promise and is **not binding on the Court**.  Any recommendation made by the Government at sentencing is also not binding on the Court.  If the sentencing judge does not follow any of the parties' sentencing recommendations, defendant will not withdraw the plea.

//
//

Def. Initials _____
20-CR_____

**X**

**PARTIES' SENTENCING RECOMMENDATIONS**

A.   SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

    1.   Base Offense Level
         [USSG § 2D2.1]                                        8

    3.   Acceptance of Responsibility
         [USSG § 3E1.1]                                       -2

B.   ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

    1.   Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

    2.   Falsely denies prior criminal conduct or convictions;

    3.   Is untruthful with the Government, the Court or probation officer; or

    4.   Breaches this plea agreement in any way.

C.   FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS
     INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant may not request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553.

//

//

7

Def. Initials _____
20-CR_____

D.    NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have no agreement as to Defendant's Criminal History Category, except that, if Defendant is determined to be a Career Offender, the parties agree that the Defendant is automatically a Criminal History Category VI pursuant to USSG § 4B1.1(b).

E.    "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F.    RECOMMENDATION REGARDING DISPOSITION

The parties agree to jointly recommend that Defendant be sentenced to two years of probation.

G.    SPECIAL ASSESSMENT

The parties will jointly recommend that Defendant pay a special assessment in the amount of $25 per count of conviction to be paid forthwith at time of sentencing. The special assessment shall be paid through the Office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

H.    SUPERVISED RELEASE AND PROBATION

If the Court imposes a term of supervised release or a term of probation, Defendant may not seek to reduce or terminate early the term of supervised release or probation.

//
//
//
//

8

Def. Initials _____
20-CR_____

**XI**

**DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence. This waiver includes, but is not limited to, any argument that the statute of conviction or Defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged.  The only exceptions are: (i) Defendant may appeal a custodial sentence above the statutory maximum term; and (ii) Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel. If Defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

**XII**

**BREACH OF THE PLEA AGREEMENT**

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

A.   Failing to plead guilty pursuant to this agreement;

B.   Failing to fully accept responsibility as established in Section X, paragraph B, above;

C.   Failing to appear in court;

D.   Attempting to withdraw the plea;

9

Def. Initials _____

20-CR_____

E.    Failing to abide by any court order related to this case;

F.    Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

G.    Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the defendant. Additionally, Defendant knowingly, voluntarily, and

10

Def. Initials _____
20-CR_____

intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

## XIII

### CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

## XIV

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, Defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//
//
//
//
//
//
//
//
//
//
//

11

Def. Initials _____

20-CR_____

XV

## DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant about what to say in this regard.

Respectfully Submitted,

ROBERT S. BREWER, JR.
United States Attorney

02/26/21
_____
DATED

*Owen Roth*
_____
OWEN ROTH
Assistant U.S. Attorney

2/26/2021
_____
DATED

*Joanna J Martin*
_____
JOANNA MARTIN
Federal Defenders of San Diego
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.**

2-26-21
_____
DATED

_____
RICARDO BAEZ-DAVILA
Defendant

Approved by:

_____
VICTOR P. WHITE
Assistant U.S. Attorney

Rev. 09/10/2019

12

Def. Initials _____
20-CR_____